Filed 11/15/23  P. v. Rotta CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL JAMES ROTTA,<br><br>Defendant and Appellant. | C097330<br><br>(Super. Ct. No. CRF190005003) |

Defendant Michael James Rotta appeals from his sentencing hearing, at which the trial court executed his suspended upper term prison sentence.  Defendant contends legislation enacted after the imposition of sentence but prior to its execution invalidates his sentence and requires that he be resentenced.  He adds that the court erroneously relied on the prosecutor's assertions that he had previously agreed to the upper term sentence.  We conclude the court was required to apply the new legislation when it

1

executed defendant's sentence, and we cannot deem the error harmless on this record. Accordingly, we will vacate defendant's sentence and remand for a full resentencing.

## FACTUAL AND PROCEDURAL HISTORY

On March 5, 2020, defendant pleaded no contest to assault with force likely to cause great bodily injury (Pen. Code, § 245, subd. (a)(4))[1] pursuant to a negotiated plea agreement. The prosecution agreed to a probationary sentence and to dismiss the remaining charges and the allegation that defendant had previously committed a serious felony. (§ 1170.12.) On April 29, 2020, the trial court suspended imposition of sentence and granted probation in accordance with the plea agreement.

On July 23, 2020, defendant admitted violating the terms of probation by possessing methamphetamine. The trial court ordered defendant to serve 30 days in jail and reinstated probation. On April 21, 2021, defendant again admitted violating the terms of probation by possessing methamphetamine. On June 10, 2021, the court imposed an upper term sentence of four years in state prison, but suspended execution of the sentence and reinstated probation. The record does not reflect any stipulation or other agreement to the upper term sentence by defendant.

The Legislature then amended section 1170, effective January 1, 2022. (See Stats. 2021, ch. 731, § 1.3.) Among other things, the amended section 1170, subdivision (b) prohibits trial courts from considering aggravating circumstances when selecting an upper term sentence unless the facts underlying each aggravating circumstance have been established by one of three prescribed methods. (§ 1170, subd. (b)(2)-(3).)

On August 1, 2022, defendant again admitted violating the terms of probation, by failing to submit monthly reports.

---

[1] Undesignated statutory references are to the Penal Code.

2

At the sentencing hearing on November 1, 2022, defense counsel asked for a midterm sentence and argued that amended section 1170 did not permit imposition of the upper term without establishing aggravating factors pursuant to the new law, which had not been done when the trial court first imposed and suspended sentence. The prosecutor argued that defendant had "agreed to this term," and separately said that he had "agreed that the court could sentence him to the upper term." The prosecutor later asserted that the court had "ample authority to aggravate this term that [defendant] agreed to." The court discussed potential aggravating circumstances, including defendant's "undisturbed criminal history as an adult since it began with residential burglary and culminated in this felony offense, which would be varied and consistent criminal behavior in between." This apparently referred to the probation report indicating defendant had been convicted of three felonies and seven misdemeanors in the 11 years prior to the current offense. The court then executed the previously imposed four-year sentence, doing so "based on *the agreement* and based upon the Court's finding with regard to *prior criminal history*, which the code would allow the Court to do." (Italics added.)

Defendant appealed from the resulting judgment. The case was fully briefed on August 15, 2023, and assigned to this panel shortly thereafter.

### DISCUSSION

Defendant contends we must vacate his sentence and remand for resentencing because the amendments to section 1170 apply retroactively to invalidate his upper term sentence; he adds that the prosecutor's assertions that he had agreed to the upper term sentence prejudiced him. The People respond that the violation of section 1170 was harmless and the prosecutor's assertions were consistent with the record.

First, we disagree that the record shows any agreement by defendant to imposition of the upper term. As we have detailed above, the prosecutor's statements at the hearing strongly suggested there was such an agreement, akin to a stipulation, although careful parsing reveals an alternate message of defendant's *implicit* agreement to the upper term,

3

by virtue of his admitting the probation violation after advisement that he *could* receive such a sentence. At best, the prosecutor's assertions were confusing. This suggestion of an "agreement" by defendant to the upper term sentence resulted in the presence of an "agreement" as one of the trial court's two articulated bases for execution of that term, as we have set forth above. The court explicitly relied on this nonexistent agreement to an upper term sentence in selecting the term.

Further, we agree with defendant that the amended version of section 1170, subdivision (b) applies retroactively in this case as an ameliorative change in the law applicable to all nonfinal convictions on appeal. (*People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1109.) The People implicitly concede the amended version of section 1170 applies, even though the trial court *imposed* defendant's (suspended) sentence prior to the enactment of the amended statute. Our Supreme Court has determined "that legislation ameliorating punishment presumptively applies to suspended execution cases pending on appeal from an order causing a previously imposed sentence to take effect." (*People v. Esquivel* (2021) 11 Cal.5th 671, 680.) Thus, the court was required to apply the amendments to section 1170 to defendant's execution of sentence, from which he now appeals, notwithstanding that defendant did not appeal from the order originally imposing the sentence.

Under the amended section 1170, aggravating circumstances justify the imposition of an upper term sentence only if "the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2), as amended by Stats. 2021, ch. 731, § 1.3.) When considering a defendant's criminal record, the statute alternatively permits courts to "consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).)

Applying amended section 1170 here, it is clear the trial court erred by relying on defendant's criminal history where the convictions were not proven beyond a reasonable doubt or through certified records. To find a failure to comply with section 1170 harmless, "we must consider whether it is reasonably probable that the court would have chosen a lesser sentence in the absence of the error." (*People v. Zabelle*, *supra*, 80 Cal.App.5th at p. 1112; see *People v. Watson* (1956) 46 Cal.2d 818, 836; Cal. Const., art. VI, § 13.) In this context, a reasonable probability of a more favorable result exists where the improper factor was determinative for the sentencing court or where the reviewing court cannot determine whether the improper factor was determinative. (*People v. Avalos* (1984) 37 Cal.3d 216, 233.)

Here, as we have set forth above, in addition to the recitation of defendant's criminal history from the probation report, the trial court relied on a nonexistent "agreement" by defendant and articulated this agreement as the only other basis for its selection.[2] Even if we assume for the sake of argument that a jury would have found defendant's prior convictions true beyond a reasonable doubt or that the People could produce certified records, we cannot say whether the court's understandable but mistaken reliance on an "agreement" was determinative of the result. The court did not assign any particular weight to either consideration--defendant's purported agreement or defendant's criminal history--so either could have been determinative. Accordingly, we must vacate defendant's sentence and remand for a full resentencing, including application of any new sentencing laws that may apply to defendant.

---

[2] The People assert the trial court also relied upon defendant's poor performance on probation. The record does not support this argument. The court discussed defendant's performance on probation as a possible aggravating circumstance, but ultimately declined to rely upon it in light of the amendments to section 1170.

**DISPOSITION**

Defendant's sentence is vacated and the matter is remanded to the trial court for a full resentencing. In all other respects, the judgment is affirmed.

＿＿＿＿＿＿/s/＿＿＿＿＿＿＿
Duarte, Acting P. J.

We concur:

＿＿＿＿/s/＿＿＿＿＿＿
Renner, J.

＿＿＿＿/s/＿＿＿＿＿＿
Wiseman, J.*

＿＿＿＿＿＿＿＿＿＿＿＿＿＿

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6